IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT BEN RHOADES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 22-cv-1936-NJR |
| ) | |
| ) | |
| **ROB JEFFRIES, ANTHONY WILLS,** ) | |
| **SAMANTHA LEWIS, and** ) | |
| **YVETTE BAKER,** ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

Plaintiff Robert Ben Rhoades, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Rhoades alleges that he experienced cold cell conditions in February 2022.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint, Rhoades makes the following allegations: From February 11, 2022 until February 13, 2022, Rhoades was in Cell 222 in the West Cellhouse at Menard (Doc. 1, p. 10). The outside temperatures were extremely cold, and staff kept opening and closing the door to the cellhouse numerous times. With the doors and windows open, there was a cross wind in the cellhouse, making the cellhouse cold (*Id*.). Although staff had thermals and heavy coats, Rhoades alleges that his clothing and bedding were not thick enough to provide adequate warmth. He acknowledged that the heat was working during the relevant time period, but the doors in the cellhouse are not automatic doors, and keeping them open let the cold air in. He blames Jeffries, Wills, Lewis, and Baker for the cell conditions.

## Discussion

Simply put, Rhoades's Complaint fails to state a claim. Rhoades only sues administrative officials and those that reviewed his grievances. Administrative officials cannot be held liable based solely on their positions as administrators as the doctrine of *respondeat superior* does not apply to Section 1983 actions. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). There is also no indication that Jeffries or Wills issued policies or practices which caused the cold cells. Further, grievance officials who processed Rhoades's grievance cannot be liable for simply denying his grievance or delaying the response. *See Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). Rhoades also fails to offer any allegations to suggest that any defendant was on notice about the conditions in the cellhouse during the span in February. His grievance was not written until February 13,

2022, the last day he experienced cold conditions in the cellhouse. Further, he acknowledges that the heat was on during that period, and it was only due to the actions of certain officers keeping the doors open that there were cold conditions in the cellhouse. His allegations simply do not amount to a constitutional violation.

## Pending Motions

As to Rhoades's motion for counsel (Doc. 3), he states that he has written several law firms. He also states his writing hand was injured in an accident making it difficult for him to write. Although he can write, he indicates he can only print, not type. But given the early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[1] Further, counsel is not needed at this time because the Court finds that Rhoades is capable of drafting an Amended Complaint. Although his writing may be hampered, his filings indicate that he is capable of writing legibly. Thus, his motion for counsel (Doc. 3) is **DENIED**. Rhoades may renew his request for counsel at a later date.

## Disposition

For the reasons stated above, the Complaint is **DISMISSED without prejudice**. Rhoades will have an opportunity to file a First Amended Complaint if he wishes to

---

[1] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

pursue his claims. If he chooses to do so, Rhoades must comply with the instructions and deadlines set forth below.

Rhoades is **GRANTED** leave to file a "First Amended Complaint" on or before **November 16, 2022**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such a dismissal could count as one of Rhoades's three allotted "strikes" under 28 U.S.C. § 1915(g). Along with his current Complaint, Rhoades has filed several other cases pending before the Court. Should those cases be dismissed as frivolous, they could be counted towards his allotted "strikes" and prevent him from filing future cases without prepayment of fees.[2] As such, the Court will allow Rhoades to either file a First Amended Complaint or seek to dismiss his original Complaint voluntarily by the stated deadline.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, if Rhoades chooses to file an amended pleading, the First Amended

---

[2] 28 U.S.C. §1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Complaint must stand on its own, without reference to any previous pleading, and Rhoades must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. To aid Rhoades in drafting his First Amended Complaint, the Clerk of Court is **DIRECTED** to send Rhoades a Section 1983 Complaint form.

Rhoades is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). If Rhoades chooses to dismiss his case voluntarily, the Court will not collect the remaining filing fee.

Finally, Rhoades is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: October 19, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**